McGREGOR W. SCOTT
United States Attorney
MICHAEL M. BECKWITH
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:07-MC-00030-GEB-KJM |
| | ) | |
| Plaintiff, | ) | CONSENT JUDGMENT |
| | ) | OF FORFEITURE |
| v. | ) | |
| | ) | |
| APPROXIMATELY $11,326.00 IN U.S. CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On or about November 9, 2006, Robert Louis Dupras (hereafter "Dupras") was charged in an Indictment with violations of 21 U.S.C. § 841(a)(1) - Manufacturing at Least 100 plants of Marijuana, and 21 U.S.C. § 841(a)(1) - Possession of Marijuana with Intent to Distribute. The Indictment also contained a Forfeiture Allegation, which included real property located at 13702 Briarwood Lane, Rough & Ready, California.

2. The government represents that it could show at a forfeiture trial that on July 18, 2006, Nevada County Sheriff's deputies conducted an aerial reconnaissance of Dupras' property

located at 13702 Briarwood Lane, Rough & Ready, California.  The officers saw what appeared to be marijuana plants growing on the property.

3.   The government could further show that on August 15, 2006, Nevada County Sheriff's deputies executed a search warrant at 13702 Briarwood Lane, Rough & Ready, California.  During the search they found several marijuana plants, 37.5 pounds (17 kilograms) of processed marijuana, $11,326 in U.S. Currency, and pay and owe sheets.  Dupras admits that he grew the marijuana plants and that he intended to distribute the marijuana in his possession to other people.

4.   On March 7, 2008, Dupras pled guilty to Count Two of the Indictment in *U.S. v. Robert Louis Dupras*, 2:06-CR-00458-GEB, charging him with Possession of Marijuana with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1).

5.   Dupras acknowledges that he is the sole owner of the approximately $11,326 in U.S. Currency found in his residence, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant approximately $11,326 in U.S. Currency, Dupras shall hold harmless and indemnify the United States, as set forth below.

6.   This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

7.   This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which property was seized.

8.   The parties herein desire to settle this matter pursuant

to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

9.  The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

10. All right, title, and interest in the approximately $11,326 in U.S. Currency shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

11. Plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure and forfeiture of the defendant approximately $11,326 in U.S. Currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure and forfeiture, as well as to those now known or disclosed. The parties have agreed to waive the provisions of California Civil Code § 1542, which provides: **"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."**

12. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court finds that there was reasonable cause for the seizure of the defendant approximately $11,326 in U.S. Currency and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

13. All parties will bear their own costs and attorneys' fees.

IT IS SO ORDERED.

Dated: March 14, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge

**CERTIFICATE OR REASONABLE CAUSE**

Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the defendant approximately $11,326 in U.S. Currency.

Dated: March 14, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge

4